### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| **JOHN ALVAREZ AND SUSAN ALVAREZ** | § § § | |
| **vs.** | § § | **C.A. NO. 4:19-cv-03678** |
| **STATE FARM LLOYDS** | § | **(JURY)** |

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 212th Judicial District Court of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division. In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

### I.
### PROCEDURAL BACKGROUND

1.      On August 23, 2019, Plaintiffs filed this action against State Farm in the 212th Judicial District Court of Galveston County, Texas. The state cause number is 19-CV-1533 ("State Court Action"). In Plaintiffs' Original Petition ("Original Petition"), Plaintiffs seek monetary relief over $100,000, but not more than $200,000. (*See* Pls.' Original Pet. at 10.) State Farm was served on August 30, 2019. State Farm filed its answer on September 20, 2019.

2.      In accordance 28 U.S.C. § 1446, State Farm files this Notice of Removal to remove the State Court Action from the 212th Judicial District Court of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division.

## II.
## NATURE OF SUIT

3.      Plaintiffs filed this lawsuit alleging State Farm failed to pay insurance benefits

owed to him in accordance with his insurance policy for damage to their property caused by wind.

(*See* Pls.' Original Pet. at 2–4.) Plaintiffs assert causes of action for breach of contract and for

violations of Chapters 541 and 542 of the Texas Insurance Code, breach of the common law duty

of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act. (*Id*. at

4–8.)

## III.
## BASIS OF REMOVAL

4.      The Southern District of Texas has jurisdiction over this action, pursuant to 28

U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy

exceeds $75,000, exclusive of interests and costs.

5.      First, the parties are diverse. At all relevant times, Plaintiffs were, and continue to

be, Texas citizens. (*See* Pls.' Original Pet. at 1.)  State Farm is an association of individual

underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is defined

and set out in Chapter 941 of the Texas Insurance Code. The citizenship of an unincorporated

association is determined by the citizenship of each member of the entity, not by the state where

the entity is organized.  *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882–83 (5th Cir.

1993) (finding that a Lloyd's plan association was not a Texas citizen); *see also Griggs v. State

Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of

Illinois). At all relevant times, State Farm was, and continues to be, an unincorporated insurance

association whose underwriters were, and still are, citizens of states other than Texas. (*See* Aff. of

Michael Roper attached hereto.) Accordingly, State Farm is not a citizen of the State of Texas.

6.      Second, the amount in controversy exceeds $75,000. Plaintiffs are seeking damages in excess of $100,000. Specifically, Plaintiffs are seeking damages between $100,0000 and $200,000. (*See* Pls.' Original Pet. at 10.)  Thus, removal to the Southern District of Texas is proper.

## IV.
## REMOVAL PROCEDURES

7.      On August 23, 2019, Plaintiffs filed this case against State Farm in the 212th Judicial District Court of Galveston County, Texas. State Farm was served on August 30, 2019. State Farm filed its Answer on September 20, 2019. This Notice of Removal is being timely filed on September 27, 2019. Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received service and within one year from the commencement of this suit. *See* 28 U.S.C. § 1446(b)(1); 28 U.S.C. § 1446(c)(1).

8.      The Galveston Division of the Southern District of Texas is the proper venue because: (1) Plaintiffs' property, which was allegedly damaged by wind and which forms the basis of Plaintiffs' lawsuit, is located in Galveston County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiffs' State Court Action was brought, and is pending, in Galveston County. *See* 28 U.S.C. § 1441(a). Galveston County is within the jurisdictional limits of the Galveston Division. *See* 28 U.S.C. § 124(b)(2).

9.      All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit A.  In addition, pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal will be promptly filed with the Galveston County District Clerk's Office and served on the Plaintiffs.

10.      A jury fee was paid in state court and Defendant hereby requests a jury trial in this cause of action.

**V.**

**PRAYER**

11.     State Farm respectfully requests that the above-styled action now pending in the

212th Judicial District Court of Galveston County, Texas, be removed to this Honorable Court pursuant

to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State Farm and

against Plaintiffs, that State Farm recover its costs, and for such other and further relief to which

State Farm may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
Federal Bar No. 21382
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,**
**STATE FARM LLOYDS**

**OF COUNSEL:**

**GERMER PLLC**
Lauren N. Herrera
Federal Bar No. 3174150
State Bar No. 24092720
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
lherrera@germer.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 27th day of September, 2019.

Shane McClelland                                        <u>VIA CM/ECF</u>
THE OFFICES OF SHANE MCCLELLAND
440 Cobia Drive, Suite 101
Katy, Texas 77494
Shane@hmtrial.com


_____
**DALE M. "RETT" HOLIDY**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN ALVAREZ AND SUSAN ALVAREZ | § § § | |
| vs. | § § | C.A. NO. 4:19-cv-03678 (JURY) |
| STATE FARM LLOYDS | § | |

### AFFIDAVIT OF MICHAEL ROPER

This day appeared before me, the undersigned authority, MICHAEL ROPER, who after being duly sworn, deposed and stated as follows:

1. "My name is Michael Roper. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2. I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also the Assistant Vice-President - Accounting for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3. As part of my job duties for State Farm Mutual, I oversee the department that maintains the books and records used to prepare and file the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4. State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5. As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6. As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have firsthand knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

7. On March 19, 2018 the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated February 1, 2018 had been placed on file and that its records had been updated to reflect the following changes to the underwriters:

1

Katinka Meijerink Bryson replaced Shyama Nichelle Terry, Wensley John Herbert replaced Jon Charles Farney, Kimberly Ann Sterling replaced Jack W. Watts, Jr.  and Michael James Arnold replaced Kevin Harper McKay.  The underwriters following the changes made by the Amended Articles of Agreement are listed below:

- Angela Kaye Sparks:  Ms. Sparks maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Annette Romero Martinez:  Ms. Martinez maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Mark Edward Schwamberger:  Mr. Schwamberger maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert:  Mr. Herbert maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson:  Ms. Bryson maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold:  Mr. Arnold maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich:  Mr. Heidrich maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kathleen Mary Pechan:  Ms. Pechan maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark:  Ms. Roark maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Laurette Catherine Stiles:  Ms. Stiles is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling: Ms. Sterling is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Robert Hun Sang Yi: Mr. Yi is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8.      At all times since the March 19, 2018 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the State of Illinois.


FURTHER AFFIANT SAYETH NAUGHT."

MICHAEL ROPER


SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this

the 25th day of September, 2019.

Notary Public for the State of Illinois

OFFICIAL SEAL
KAREN HAMILTON
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires January 07, 2022

3

# EXHIBIT A

## LIST OF ATTORNEYS/PARTIES

1.     Shane McClelland
THE OFFICES OF SHANE MCCLELLAND
440 Cobia Drive, Suite 101
Katy, Texas 77494
Telephone: (713) 987-7107
Facsimile: (832) 827-4207
Shane@hmtrial.com
***Attorneys for Plaintiffs***

2.     Dale M. "Rett" Holidy
rholidy@germer.com
Lauren N. Herrera
lherrera@germer.com
GERMER PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
***Attorneys for Defendant***

## INDEX OF DOCUMENTS FILED
## WITH REMOVAL ACTION

### JOHN ALVAREZ AND SUSAN ALVAREZ VS. STATE FARM LLOYDS

     (a)     Plaintiffs' Original Petition
     (b)     Return Citation
     (c)     Defendant State Farm Lloyds' Original Answer
     (d)     Docket Sheet

Filed: 8/23/2019 1:29 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 36230355
By: Valerie Millican
8/26/2019 12:40 PM

19-CV-1533

Cause No. _____

| | | |
|---|---|---|
| JOHN AND SUSAN ALVAREZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | Galveston County - 212th District Court |
| | § | |
| V. | § | _____JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | GALVESTON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, John and Susan Alvarez ("Plaintiffs"), and file this, their Original Petition and Request for Disclosure against Defendant State Farm Lloyds ("Defendant"), and in support thereof would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery in this matter under Level 3, in accordance with Texas Rule of Civil Procedure 190.4.

### PARTIES

1.    At all relevant times, Plaintiffs owned a house at 4138 Gum Drive, Dickinson, TX 77539.

2.    Defendant is an insurance company doing business in the State of Texas and may be served with process by serving its agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

status conference set for 11-14-19 emailed to attorney by vym

1

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

4.      All or a substantial part of the events or omissions giving rise to this lawsuit occurred in Galveston County, Texas. Therefore, pursuant to Tex. Civ. Prac. & Rem. Code § 15.002, venue is proper in Galveston County, Texas. The damages being sought by Plaintiffs are in excess of the minimum jurisdictional requirements of this Court.

5.      The Court has personal jurisdiction over Defendant because Defendant does business in the State of Texas and because Defendant issued a policy of insurance covering property that is located in this district.

## PLAINTIFFS' LOSS

6.      Plaintiffs owned the property at 4138 Gum Drive, Dickinson, TX 77539 (the "Property") at all relevant times.

7.      The Property sustained significant windstorm damage when Hurricane Harvey ("Harvey") struck the Houston, Texas area on or about August 28, 2017.

8.      Defendant issued an insurance policy (Policy No. 53-NQ-4190-7) (the "Insurance Policy") covering the Property, which was in full force and effect at the time Harvey struck.

9.      Plaintiffs had paid all premiums for the Insurance Policy when Harvey damaged Plaintiffs' property.

10.     The Insurance Policy covered Plaintiffs' Property for damage caused by windstorm, among other perils.

11.     Plaintiffs have already incurred and will incur significant expenses to repair the windstorm damage that Harvey caused at the Property.

2

12.     Shortly after Harvey, Plaintiffs notified the Defendant of damages sustained as a result of Harvey and made a claim for benefits under the Insurance Policy.

13.     Defendant assigned an adjuster to investigate and adjust the loss.

14.     The adjuster visited the property but failed to fully and fairly investigate the loss.

15.     The adjuster prepared a damage estimate but failed to abide by the terms of the Insurance Policy, the Defendant's general company claims handling standards, and/or with recognized claims handling standards.

16.     The adjuster improperly omitted and undervalued covered losses from windstorm damage caused by Harvey to the Plaintiffs' Property.

17.     Defendant failed to pay Plaintiffs for covered windstorm damage to the Property caused by Harvey.

18.     Plaintiffs submitted a damage assessment to the Defendant, seeking payment of the damaged property, less the policy deductible.

19.     The amount sought by the Plaintiffs was based on a firsthand inspection and damage assessment prepared by Plaintiffs' experts. The damage assessment included a room-by-room, line-by-line, unit cost damage estimate. Plaintiffs' experts found that the windstorm damage greatly exceeded the amount and scope of the Defendant's adjustment.

20.     Defendant has unreasonably refused to acknowledge Plaintiffs' expert's damage assessment as a basis for coverage and has failed to issue payment based on said damage assessment.

21.     Harvey windstorm caused every loss Plaintiffs have identified.

22.     Defendant knows that Plaintiffs are entitled to payment of insurance proceeds under the terms of the homeowner's policy that Defendant issued for the items of loss that Plaintiffs have identified.

23.     Defendant has no reasonable basis for refusing to pay for the Harvey windstorm losses for which Plaintiffs seek insurance proceeds.

24.     Defendant's actions constitute a breach of the common law duty of good faith and fair dealing.

25.     Defendant has knowingly and intentionally misrepresented Plaintiffs' insurance coverage to Plaintiffs to avoid complying with its contractual obligation to pay for Plaintiffs' covered losses due to Harvey windstorm damage.

26.     Defendant's obstinate refusal to acknowledge its coverage responsibilities out of court has required Plaintiffs to file this action, thereby causing Plaintiffs and this Court to endure unnecessary burden, expense, and delay.

27.     Plaintiffs have filed this suit to recover the amount owed under the Insurance Policy, which Defendant wrongfully denied.

## COUNT I
## BREACH OF CONTRACT

28.     Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

29.     Plaintiffs and Defendant entered into a contract for insurance coverage when Plaintiffs purchased and Defendant issued the Insurance Policy.

30.     Plaintiffs paid their policy premiums and otherwise maintained the Insurance Policy, which was in good standing at the time the Property sustained windstorm loss in August 2017.

4

31.     Plaintiffs have complied with all obligations owed under the Insurance Policy, including conditions precedent to recovery.

32.     Defendant, however, has breached its contractual obligations by wrongfully denying coverage and failing to issue payment for the amount owed on this claim as documented in Plaintiffs' written demand for payment and supporting documents.

33.     Defendant's improper denial has harmed Plaintiffs by denying the money to which Plaintiffs are entitled under the terms of the Insurance Policy.

**COUNT II**
**VIOLATION OF TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES AND**
**MISREPRESENTATION OF INSURANCE POLICY**

35.     Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

36.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices, Tex. Ins. Code § 541.060; and Misrepresentation of Insurance Policy, §541.061. All violations under this article are made actionable by Tex. Ins. Code § 541.151.

37.     Defendant's practice of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1); § 541.061.

38.     Defendant's practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Insurance Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A); § 541.061.

5

39.     Defendant's practice of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3); § 541.061.

40.     Defendant's practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

41.     Each of Defendant's acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

**COUNT III**
**VIOLATION OF TEXAS INSURANCE CODE:**
**PROMPT PAYMENT OF CLAIMS**

42.     Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

43.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code, Chapter 542.  All violations made under this article are made actionable by Tex. Ins. Code § 542.060.

44.     Defendant's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code § 542.055.

6

45.     Defendant's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.056.

46.     Defendant's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.058.

## COUNT IV
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

47.     Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

48.     The Insurance Policy was an insurance contract that existed between the Plaintiffs and the Defendant. The Insurance Policy provided coverage for named windstorms during the life of the policy, providing coverage for dwelling.

49.     As a party to the Insurance Policy contract, Defendant owed a duty of good faith and fair dealing to the Plaintiffs.

50.     However, Defendant engaged in fraudulent, deceitful, and other conduct inconsistent with its contractual obligations to Plaintiffs.

51.     By failing to timely and adequately assess the Plaintiffs' damages, refusing to properly adjust the loss, and refusing to pay money it owed under the Insurance Policy, despite knowing the damage was covered thereunder, Defendant has acted arbitrarily, capriciously, in a manner inconsistent with the reasonable expectations of the Plaintiffs, and in violation of the duties of good faith and fair dealing.

52.     For these reasons and others set out in this Petition, Defendant breached the duty of good faith and fair dealing owed to the Plaintiffs, proximately causing Plaintiffs to suffer damages, including economic damage and emotional distress caused by the denial.

53.     Defendant is liable to Plaintiffs for compensatory, consequential, and punitive damages as well as attorney fees, costs, expenses, pre-judgment interest, and all other damages and relief as this Court deems just and appropriate.

## COUNT V
## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES/
## CONSUMER PROTECTION ACT

54.     Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

55.     Defendant has committed violations of the Texas Deceptive Trade Practices/Consumer Protection Act ("DTPA"). The DTPA, Section 17.46, *et seq*., of the Texas Business and Commerce Code, provides additional protection to consumers who are victims of deceptive, improper, and/or illegal practices, including the award of treble damages for knowing violation, and for attorneys' fees. Defendant's conduct in engaging in such acts and practices has resulted in actual and consequential damages to Plaintiffs and supports an award for treble damages.

56.     Each of Defendant's acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Deceptive Trade Practices Act and were a producing cause of Plaintiffs' damages described herein.

57.     Plaintiffs are entitled to actual damages resulting from these violations of the law. These damages include the sums Defendant has wrongfully refused to pay and any consequential damages to Plaintiffs' economic welfare in the future, including any exacerbation of economic

condition occasioned by the delay in payment of these claims. Plaintiffs are also entitled to recovery of treble damages for Defendant's knowing violations.

### DAMAGES

58.     The above described acts, omissions, failures, and conduct of Defendant have caused Plaintiffs to suffer damages which include, without limitation, the cost to properly repair the damage to Plaintiffs' property.

59.     Defendant "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. As a result, Plaintiffs are entitled to additional damages under Section 17.50(b)(1) of the DTPA and Chapters 541 and 542 of the Texas Insurance Code.

60.     Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally and with malice and gross negligence as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations are the type of conduct that the state of Texas protects its citizens against by the imposition of exemplary damages.

61.     Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter this Defendant and others similarly situated from committing similar acts in the future.

62.     As a result of Defendant's conduct described herein, Plaintiffs have been forced to retain the undersigned attorney to prosecute this action. Plaintiffs are entitled to recover reasonable attorneys' fees under any applicable statute.

9

63.     Plaintiffs are entitled to the recovery of attorneys' fees necessary to afford its rights, along with the costs and expenses set forth by law.

64.     Plaintiffs seek monetary relief over $100,000 but not more than $200,000.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose the materials described in T.R.C.P. Rule 194.2.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer, and that after a trial on the merits, Plaintiffs recover from Defendants damages for all causes of action described above, extra contractual damages as allowed by law and the causes of action described above, attorneys fees, costs of court, and all interest allowed by statute and common law and for such other relief to which Plaintiffs may be entitled, both in equity and at law.

Respectfully submitted,

August 21, 2019                          s/ Shane McClelland
                                         Shane McClelland
                                         TX Bar# 24046383
                                         Attorney-in-Charge for Plaintiff
                                         The Law Offices of Shane McClelland
                                         440 Cobia Drive, Suite 101
                                         Katy, Texas 77494
                                         Phone: (713) 987-7107
                                         Fax:    (832) 827-4207
                                         Email: Shane@hmtrial.com

                                         *Attorney for Plaintiffs*

10

Filed: 9/9/2019 9:32 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 36621578
By: Lisa Kelly
9/9/2019 10:04 AM

08.405142

## CITATION
### THE STATE OF TEXAS

**JOHN ALVAREZ, ET AL VS. STATE FARM LLOYDS**

**Cause No.: 19-CV-1533**
**212th District Court of Galveston County**

TO:     State Farm Lloyds
        c/o Corporation Service Company
        211 E. 7th Street, Suite 620
        Austin, TX  78701

> GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **212th District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed **August 23, 2019**. It bears cause number **19-CV-1533** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 26th day of August, 2019.**

Issued at the request of:
Shane McClelland
Law Offices of Shane McClelland
440 Cobia Drive, Suite 101
Katy TX 77494



**John D. Kinard**, District Clerk
Galveston County, Texas

By: _Robin Gerhardt_

Robin Gerhardt, Deputy

**SEE ATTACHED STATUS CONFERENCE FORM**
*NOTE: Status Conference set: 11/14/19 at 9:00 am*

OFFICER/AUTHORIZED RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ___. M. and executed at _____ in _____County, Texas , on the _____ day of _____, 20___ at _____ o'clock ___m, by delivering to_____, in person a true copy of this Citation together with the accompanying _____ copy(ies) of the Petition attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the _____ day of _____, 20___.

Fee-Serving: _____

_____
Sheriff/Constable

Amount: _____

_____ County, Texas

BY: _____
Authorized Person/Deputy Signature

On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this _____ day of _____ 20 _____

_____
Notary Public

CAUSE NUMBER: 19-CV-1533

JOHN AND SUSAN ALVAREZ
PLAINTIFF

VS.

IN THE 212H JUDICIAL DISTRICT
COURT OF GALVESTON COUNTY,
TEXAS

STATE FARM LLOYDS
DEFENDANT

AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day **D'ANN WATHEN**, personally appeared before me and stated under oath as follows:

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Wednesday August 28, 2019 AT 04:15 PM - CITATION, PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE**, came to hand for service upon **STATE FARM LLOYDS C/O CORPORATION SERVICE COMPANY**.

On **Friday August 30, 2019** at **12:47 PM** - The above named documents were hand delivered to: **STATE FARM LLOYDS C/O CORPORATION SERVICE COMPANY @ 211 E. 7TH STREET, SUITE 620**, AUSTIN, TX 78701, **in Person.** by delivering to Vanessa Hernandez, designated agent.

**FURTHER AFFIANT SAYETH NOT.**

**D'ANN WATHEN**
**PSC#6622 EXP 06/30/21**

**SWORN TO AND SUBSCRIBED** before me by **D'ANN WATHEN** appeared on this _____ day of SEPTEMBER, 2019 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS
2019.08.405162

CHRISTOPHER S WATHEN
Notary Public, State of Texas
Comm. Expires 04-15-2023
Notary ID 10486976

Filed: 9/20/2019 12:22 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 36989162
By: Lisa Kelly
9/20/2019 3:04 PM

CAUSE NO. 19-CV-1533

| JOHN ALVAREZ AND SUSAN ALVAREZ | § | IN THE DIST5RICT COURT OF |
|---|---|---|
| | § | |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | 212TH JUDICIAL DISTRICT |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, STATE FARM LLOYDS (hereinafter, "State Farm"), files its Original Answer to the allegations contained in Plaintiffs' Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

### I.
### GENERAL DENIAL

1.      State Farm generally denies all of the material allegations contained in Plaintiffs' Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiffs to prove every fact to support the claims in Plaintiffs' Original Petition, and any amendments thereto, by a preponderance of the evidence.

### II.
### DEFENSES

2.      **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiffs lack proof that any additional damages resulted from any accidental direct physical loss during the policy period.

3.      **Payment.**  State Farm is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiffs under the

Policy in connection with the damages and the insurance claim that give rise to Plaintiffs' claims in this lawsuit.

    **4.**    **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' deductible.

    **5.**    **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

    **6.**    **Failure of Policy Considerations/Conditions Precedent.**  State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." Specifically, Plaintiffs have failed to satisfy the conditions of the Policy requiring Plaintiffs to preserve evidence of the damage, to provide evidence when reasonably requested, and to mitigate further damage. The Policy states:

### SECTION I – CONDITIONS

2.    **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

\*   \*   \*   \*   \*

d.  as often as we reasonably require:

(1)    exhibit the damaged property;

    **7.**    **Pre-Existing Damages.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, pre-existed the alleged occurrence of wind or wind-driven rain.

    **8.**    **Bona Fide/Legitimate Dispute.**  A bona fide and legitimate dispute exists precluding Plaintiffs' recovery of damages under extra-contractual theories including the common

law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

        **9.**      **No Waiver.**  Plaintiffs' claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid." State Farm made no such waiver in this case.

        **10.**    **Suits Against Us.**  No action shall be brought by Plaintiffs unless there has been compliance with the "Suits Against Us" policy provision. The Policy states:

        6.      **Suit Against Us.**  No suit or action can be brought unless:

            a.      there has been compliance with the policy provision; and

            b.      except as provided in item c. below, suit or action brought against us is started within two years and one day after the cause of action accrues;

            c.      with respect to a loss caused by windstorm or hail in the catastrophe area as defined under Texas law, suit or action brought against us is started within the earlier of:

                (1)      two years from the date we accept or reject the claim; or
                (2)      three year from the date of the loss that is the subject of the claim.

        **11.**    **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code Section 41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiffs prove State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

**12.** **Chapter 38 Attorney's Fees**.   Plaintiff cannot recover attorney's fees from Defendant under Chapter 38 of the Texas Civil Practice and Remedies Code.  "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . (8) an oral or written contract."  Tex. Civ. Prac. & Rem. Code § 38.001(8).  Chapter 38 does not apply to State Farm because it is an unincorporated association of underwriters. *See Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. filed).

**13.** **Written Notice of Claim.**  State Farm specifically denies that Plaintiffs provided it with "notice of claim" pursuant to Sections 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiffs, they are barred from recovering under Chapter 542 of the Texas Insurance Code. State Farm also specifically denies that the Policy obligated State Farm to inform Plaintiffs that written notice of the claim was required, and State Farm specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

**14.** **Chapter 542A.**  State Farm asserts the limitations on the recovery of attorneys' fees, if any, as per Texas Insurance Code Section 542A.007. *See* TEX. INS. CODE § 542A.007.

## III.
## RIGHT TO AMEND

**15.** State Farm reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

## IV.
## JURY DEMAND

**16.** State Farm demands a trial by jury pursuant to Texas Rule of Civil Procedure 216.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS, respectfully requests that upon final trial and hearing hereof, that Plaintiffs take nothing and that Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,**
**STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 20th day of September, 2019.

Shane McClelland                                    **VIA E-SERVICE**
THE LAW OFFICES OF SHANE MCCLELLAND
440 Cobia Drive, Suite 101
Katy, Texas 77494

_____

**DALE M. "RETT" HOLIDY**

## Case Information

19-CV-1533 | John Alvarez, Et Al vs. State Farm Lloyds

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| 19-CV-1533 | 212th District Court | Grady, Patricia |
| File Date | Case Type | Case Status |
| 08/23/2019 | Contract - Debt - Commercial/Consumer | Active |

## Party

Plaintiff
Alvarez, John

Address
4138 Gum Drive
Dickinson TX 77539

Active Attorneys ▾

Lead Attorney
McClelland, Shane
Retained

Plaintiff
Alvarez, Susan

Address
4138 GUm Drive
Dickinson TX 77539

Defendant
State Farm Lloyds

Address
By Serving Corporation Service Company
211 E. 7th Street, Suite 620
Austin TX 78701

Active Attorneys ▾

Lead Attorney
Holidy, Dale M.
"rett"
Retained

## Events and Hearings

08/23/2019 Original Petition - OCA ▾

Alvarez Harvey Petition 8-23-19.pdf

Comment
Plaintiff's Original Petition and Requests for Disclosure

08/23/2019 Request for Civil Service ▾

Alvarez Request for Issuance of Service Galveston County.pdf

Comment
1 citation to issue assigned to Robin for issuance

08/26/2019 Status Conference Sheet ▾

Status Conference Sheet

Comment
emailed to atty

08/26/2019 Receipt Acknowledge ▾

Receipt Acknowledge

Comment
of s/c notice

08/26/2019 Citation Issuance - Work Product ▾

Citation Issuance - Work Product

Comment
Issued 1 citation @ $8.00 along with S/C sheet. Called CCR- / RG/
Will print from the website / spoke to Gordon

09/09/2019 Return of Service on Citation/Subpoena ▾

2019.08.405162.pdf

Comment
Return - State Farms Lloyds

09/20/2019 Original Answer ▾

Answer

Comment
Deft SDL's Original Answer and Jury Demand

## Financial

Alvarez, John

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $310.00 |
| | Total Payments and Credits | | | $310.00 |
| 8/26/2019 | Transaction Assessment | | | $310.00 |
| 8/26/2019 | Payment | Receipt # 2019-35612-DC | Alvarez, John and Susan | ($310.00) |

State Farm Lloyds

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $40.00 |
| | Total Payments and Credits | | | $40.00 |
| 9/20/2019 | Transaction Assessment | | | $40.00 |
| 9/20/2019 | Payment | Receipt # 2019-37732-DC | State Farm Lloyds | ($40.00) |

## Documents

Alvarez Harvey Petition 8-23-19.pdf

Alvarez Request for Issuance of Service Galveston County.pdf

Status Conference Sheet

Receipt Acknowledge

Citation Issuance - Work Product

2019.08.405162.pdf

Answer